Good morning to all. Before we call the first case, on behalf of myself, as well as Judge Thompson and our colleagues, we want to welcome Judge Dunlap. This is his first sitting, so welcome. Those of you, particularly from the U.S. Attorneys and Public Defenders, we come in here frequently. You get to see him a lot, so welcome. Thank you. Okay, let's call the first case. Yes, Judge. Judge Thompson, can I confirm that you can hear us? I can hear just fine, thank you. Thank you, Judge. Today's case will be called as previously announced, and times will be as allotted to counsel. The first case today is No. 24-1552, United States v. King Belin. At this time, would counsel for the appellant please come to the podium and introduce himself on the record to begin? Good morning, Your Honor. Steve Feldman for the appellant. May I have two minutes for a rebuttal, Your Honor? You may. Thank you, Judge. I would like to make three points on behalf of Mr. Belin. Let me ask you one question, Wright. What you're doing is preserving the argument. We have a president, so you're preserving the argument to further appeal, or if you can distinguish our president, please do so. Okay. So, I have three quick points I would like to make to Your Honors. First, this is an as-applied challenge. I'm sorry, Counselor. Before, before, Counselor. The issue before the court. Excuse me, Counselor. We'll stop the time for a second. We can't hear Judge Thompson. She's asking a question. I'm sorry, Judge? Before you make your points, I'm trying to understand why you think this, you may, you have an as-preserved case here. Why as-preserved? Because, yeah, I don't see anything below saying that you were requesting as-applied relief. No, that's incorrect, Your Honor. Well, you made a general statement that this prohibition against felons likely applies to everyone. That's not an as-applied challenge. Well, Your Honor, there was a hearing, and there was also a written motion. And the judge himself said to defense counsel that the issue was whether the statute was constitutional as applied to the defendant. And the court even said that that is the primary issue. And he said, does it apply to just anybody or whether it is limited to people who do not have a criminal record? And defense counsel said yes. So the issue is clearly preserved for de novo review and not for plain error the way it was in Langston. And the issue with preservation is there are no magical words that this court has ever said defense counsel has to cite to a court. So long as he makes an argument, and the court understands the argument, and the court... Let me just interrupt you. In Torres-Rosario, this court rejected the as-applied challenge. So how do you get around that? How do I get around what, sir? Torres-Rosario, the holding for this court from 2011. Your argument was previously rejected by this court. Well, the reason is because under Bruin and Rahimi, they basically said that the government has to prove a credible threat to the safety of others to have lifelong disarmament. And that was not proven in this case at all. In fact, one of the ironic aspects of this case, your honors, is that the government itself acknowledged that the defendant only had a weapon for self-defense, not to be a threat to others. Is it really true that Mr. Bielen wasn't a violent felon? I think that there were assault and battery. There's resisting arrest. I think there's a crack cocaine possession. So it seems also questionable whether or not he would fit the category of somebody who's non-violent. So if you just look at this case with the resisting arrest, it's not correct to conflate resisting arrest with a threat to others. The defendant in this case never used a weapon again. I'm sorry, Judge? What about assault and battery of a police officer that seems fairly clearly violent? But the issue is that he never used a weapon against other people. At sentence, the government even acknowledged that the only reason the defendant ever carried a weapon and had these prior convictions was to defend himself from the threats from gang members. So at trial, the government under Bruin and Rahimi had a burden. They had to show that the defendant presented a threat to the safety of others, and they never carried that burden. One of the things that the government did was they cited cases which supported their position, but they didn't cite what Bruin and Rahimi require, which is historical analogs. And there was no basis in the founding history of this country to disarm a defendant for life because he, according to the government itself, carried this weapon solely for self-defense. That was not a basis historically, based on the founding fathers, to say that the defendant could never carry a weapon his entire life. But is the government's choice on what it presented shaped by how the case was framed below, and that's as a facial challenge? This is not a facial challenge to 922, Your Honor. It's strictly an as-applied challenge. So we're not asking the court to find 922G unconstitutional. To just say as applied to this defendant, who was never found by any court to present a threat to others, that the government therefore did not carry its burden of proof. The other issue is, and this goes to Judge Thompson's initial question, and this is the third issue, just on the issue of preservation. Langston, where this court said that there was an important federal constitutional issue left undecided by Bruin and Rahimi, there was no objection at all. And the case was reviewed on plain error, but plain error doesn't apply here. Because there was an entire hearing, there were written motions, and the court was well aware that this was an as-applied challenge. The court itself spoke about how this statute applied to the defendant. So obviously the district court knew and understood that this was an as-applied challenge. So, I'll just reserve two minutes for rebuttal, Your Honors. Okay. Thank you very much, Your Honors. Thank you, counsel. At this time, would counsel for the appellee please introduce herself on the record to begin? Good morning. May it please the court. Alexia DiVincentis for the United States. Defense counsel has stated that this is not a facial challenge, but it clearly was in the district court. The defendant stated in his opening paragraph of the motion to dismiss that he was making a facial challenge to Section 922G1, and he articulated the standard for satisfying a facial challenge. He then argued throughout his motion in categorical terms about the disarmament of felons generally, never once suggesting that there was some subset of felons to which the statute could not be constitutionally applied, much less that he belonged to that subset of felons. The idea that the defendant then articulated an as-applied challenge at the hearing on the record in the portion of the transcript that the defendant is citing to, the defendant was clearly arguing that he was among the people to whom the Second Amendment applies. But that is a different question of whether, assuming the Second Amendment applies, the defendant can nonetheless, consistent with the historical tradition of firearms regulation, be disarmed. And on that second question – Let me ask you, if – we don't take it as broadly as the people, but obviously if we were to find in the appellant's favor, it's not only to his benefit, but I assume there would be a plethora of litigation as to, am I close to him, or what's my prior record, or how do I draw the line, how would that be handled, or what's the impracticability of such a ruling? Well, as this Court noted in Torres-Rosario, allowing for felony-by-felony litigation would in fact raise very vast practicable concerns about the administrability of that. Right, so you're worse than the categorical approach, right? Well, this Court has pending before it a number of cases in which defendants have preserved arguments that the statute cannot constitutionally be applied to non-dangerous felons. It will have the opportunity to address that question. But for purposes of this case, the defendant did not articulate below an as-applied challenge. We're therefore here on plain error, and that is a burden the defendant cannot meet, where there is no binding authority holding that the statute is unconstitutional in any of its applications. And further, where – What arguments were made below, if any, that he was non-dangerous? Because, again, we have – we've seen the record, and it's clear from your brief. Was any argument made that this is not dangerous? Well, to Judge Dunlap's point, the government responded below to the facial challenge that the defendant had brought. And to prevail on a facial challenge, all that is required is that the government demonstrate that the statute is constitutional as applied to at least some felons. And the government set forth historical precedent showing that the statute could constitutionally be applied to at least some felons. There wasn't discussion of dangerous specifically because the defendant didn't raise the question of dangerousness specifically. So, our argument in response below was shaped by the arguments that the defendant made. I'll also note that the district court clearly did not understand the defendant to be making an as-applied challenge. If you take a look at her ruling on the motion to dismiss, she clearly articulates that she understood the defendant to be making a facial challenge, and that's what she decided. Is it necessary to raise an as-applied challenge below in order to preserve it for appeal, or is a facial challenge enough? I think there's some disagreement in the case law. Perhaps Second Circuit might view that somewhat differently. What's your position on that? So, the government's position is that in order to preserve an as-applied challenge, one has to articulate an as-applied challenge. Precisely for the reasons that we were discussing in terms of what the government's response then looks like. An as-applied challenge is based on assumptions about underlying facts that should the defendant raise such an argument, we would then address. I've cited a few cases in the brief out of the Fifth and Sixth Circuits that have specifically held that a facial challenge does not preserve an as-applied challenge, and I would also draw the court's attention to the Supreme Court's decision in United States v. Stevens 559 U.S. 460 at Penn Site 473 Note 3, where the court reached the same conclusion. Counselor, if we were to conclude that the as-applied was preserved, and I understand that it's hard, who do you think has the burden of going forward? So, Judge Thompson, my understanding is that there is a bit of a circuit split about who bears the burden in the case of a dangerousness inquiry, but even assuming the government had the burden, we clearly would have been able to carry it here, where the defendant has convictions for assault and battery on a police officer, as your Honor noted, multiple convictions for resisting arrest, and multiple firearms offenses, including a firearms offense for which he was still on supervised release at the time he committed the current offense. So I don't think there can really be any dispute that this defendant would fall within a category of persons who, consistent with historical tradition, could be disarmed. Let me ask you, obviously he's got the conviction, but you've also pointed out in your brief that during, he's been arrested other times or during the conviction, other items, illegal items were found. How can we consider that as well? Well, again, with the question of whether or not there can be felony by felony litigation unresolved in the circuit, with that is an open question about what exactly one would be considering. Is it just the fact of the prior convictions, the surrounding facts? The court needn't resolve that question here. It will, again, have opportunity to do so in multiple pending cases. But even assuming that we're just looking at the fact of the convictions, we would submit that the convictions alone would carry whatever burden the government might have in terms of proving dangerousness. And unless there are any further questions, the government would rest on its brief. Any questions of Judge Thompson? I'm good, thank you. Okay, well, thank you. Two minutes rebuttal. Please reintroduce yourself on the record to begin, sir. I'm sorry? Please reintroduce yourself on the record. Steve Feldman, Feldman & Feldman for Mr. Galen, Your Honors. Just a few quick points about the government's arguments. Number one, the government never argued dangerousness below. And they were required to under Bruin and Rahimi. What they did was they cited other cases. They didn't cite historical analogs. The other point is that what the government is doing... I'm sorry, Judge? No, let Judge Thompson go. The language in Bruin that says that laws outlawing possession of a person who had felony convictions is presumptively valid, that seems to suggest that they don't have the burden of showing that. No, that's incorrect, Judge. So it's a presumption that's rebuttable under Rahimi and Bruin. But usually if it's rebuttable, that means... I'm sorry, Judge? The way rebuttable presumptions work is that if it's a presumption in favor of the government, then the burden shifts to the defendant to rebut the presumption of dangerousness. Right, and the government itself concedes in this case. Not only did they not make a dangerous argument below, but it's far worse than that. They themselves admitted the defendant did not carry a weapon because he was dangerous or presented a threat to other people. And under Bruin and Rahimi, that is why 922G as applied to the defendant is unconstitutional. Once again, burden shifting doesn't work that way. If there's a presumption in the government's favor, then the burden is on you to demonstrate that your client is not dangerous. It was at sentence. May I continue, Your Honor? Please continue. It was at sentence, Judge, when the judge, the prosecutor, and defense counsel all said that he was not carrying a weapon to threaten other people. The government itself said he was only carrying the weapon because he feared being attacked by other gangs. So that's why the presumption was rebutted in this case. Thank you very much, Your Honors. Thank you. Thank you, counsel. That concludes argument in this case.